Mr. Robert A. Stermer Attorney for the Withlacoochee Work Force Development Authority, Inc. 230 Northeast 25th Avenue Ocala, Florida 34470-2938
Dear Mr. Stermer:
You ask substantially the following question:
Do the provisions of section 768.28(5), Florida Statutes, apply to a corporation created by interlocal agreement?
In sum:
The provisions of section 768.28(5), Florida Statutes, apply to a private industry council created as a corporate body by interlocal agreement and carrying out the duties imposed by federal and state law.
The Federal Job Training Partnership Act of 1982 (JTPA) establishes a program to prepare youth and unskilled adults for entry into the labor force and to afford job training to economically disadvantaged individuals or other individuals facing serious barriers to employment.[1] The JTPA provides for the establishment of service delivery areas by the Governor of a state.[2] In Florida, the Governor, by executive order, set up twenty-four service delivery areas to promote the effective delivery of job training services. A consortium consisting of Citrus, Hernando, Levy, Marion and Sumter counties was created as one service delivery area.
These five counties entered into an interlocal agreement in December 1986, with the counties named in the agreement constituting the members of the Withlacoochee Job Training Consortium.[3]
In addition, as required by the JTPA, the interlocal agreement provided for the creation of the Withlacoochee Private Industry Council, Inc. (WPIC), to carry out the provisions of the JTPA including providing policy guidance for, and oversight with respect to, activities under the job training program within the service delivery area in partnership with the units of local government.[4]
The interlocal agreement has been amended several times.[5] One such amendment reflected the withdrawal of Citrus and Hernando counties from the consortium to form their own consortium.[6] The Articles of Incorporation of the WPIC were amended in 1995 to reflect the name change of the WPIC to the Withlacoochee Work Force Development Authority, Inc. (WWFDA).
Under the terms of the interlocal agreement, the consortium appoints members to the WWFDA. As amended, the interlocal agreement requires that a minimum of sixty percent of the WWFDA be composed of representatives of the private sector who are owners of business concerns, chief executives or chief operating officers of nongovernmental employers, or other private sector executives who have substantial management or policy responsibilities. The WWFDA is also composed of representatives from the educational community, organized labor, community-based organizations, rehabilitation agencies, economic development agencies, and public employment services. Representatives are selected by the consortium from a group of individuals nominated by various organizations.[7]
The WWFDA is responsible, among other things, for developing a job training plan which, once reviewed and approved by the consortium, is jointly submitted to the Governor.[8] Section 446.205(2), Florida Statutes, requires each local private industry council to develop and establish a program to provide dropout prevention services to eligible youth and families who are enrolled in a program provided under the JTPA.
Section 163.01, Florida Statutes, the Florida Interlocal Cooperation Act of 1969, authorizes public agencies to enter into interlocal agreements in order to exercise any "power, privilege, or authority which such agencies share in common and which each might exercise separately."[9] The purpose of the Florida Interlocal Cooperation Act is
to permit local governmental units to make the most efficient use of their powers by enabling them to cooperate with other localities on a basis of mutual advantage and thereby to provide services and facilities in a manner and pursuant to forms of governmental organization that will accord best with geographic, economic, population, and other factors influencing the needs and development of local communities.[10]
The act states that the interlocal agreement may establish "[t]he manner of responding for any liabilities that might be incurred through performance of the interlocal agreement and insuring against such liability."[11] An examination of the provisions of the interlocal agreement creating the WWFDA does not indicate that any provision of the agreement addresses liability issues.[12]
Section 768.28, Florida Statutes, serves to waive the sovereign immunity of the state and its agencies and subdivisions to the extent specified in that section. Monetary limitations are specified allowing payment of a judgment against the state or its agencies or subdivisions by any one person not to exceed $100,000 for any claim or judgment which, when totaled with all other claims paid by the state arising out of the same incident or occurrence, does not exceed $200,000.[13] Punitive damages are excluded.[14]
State agencies or subdivisions within the scope of section 768.28, Florida Statutes, are defined to include "independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities. . . ."[15] This office has, for example, stated that an authority created as a body corporate by county ordinance pursuant to a state statute constituted a "state agency or subdivision" for purposes of section 768.28, Florida Statutes.[16]
The WWFDA, established by interlocal agreement and incorporated as a not-for-profit corporation, is responsible for carrying out the functions imposed by the federal act within the service delivery area initially created by executive order of the Governor and by interlocal agreement.[17] Its duties include, among others, the responsibility to submit job training plans to the Governor for approval and to establish a youth dropout prevention plan. In addition, this office has also been advised that the Department of Community Affairs, having reviewed the establishment and duties of the authority, has classified the WPIC, now the WWFDA, as a special district of this state.[18]
In light of the above, I am of the opinion that the WWFDA, a corporate body created by interlocal agreement and carrying out the duties imposed by federal and state law, constitutes a "state agency or subdivision" for purposes of section 768.28, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] 29 U.S.C. § 1501 et seq. The purpose of the Act is set forth in 29 U.S.C. § 1501.
[2] 29 U.S.C. § 1511.
[3] Interlocal Agreement Creating the Withlacoochee Job Training Consortium and Withlacoochee Private Industry Council, dated May 10, 1983.
[4] See, 29 U.S.C. § 1512 requiring the establishment of a private industry council for each service delivery area.
[5] Interlocal Agreement Amendment to Interlocal Agreement Creating the Withlacoochee Job Training Consortium and Withlacoochee Private Industry Council, dated July 1992; Interlocal Agreement Amendment to Interlocal Agreement Creating the Withlacoochee Job Training Consortium and Withlacoochee Private Industry Council, dated May 1993.
[6] See, Interlocal Agreement Amendment, supra, dated May 12, 1993.
[7] See, Interlocal Agreement, as amended, supra. And see, 29 U.S.C. § 1512.
[8] Id.
[9] Section 163.01(4), Fla. Stat. (1993).
[10] Section 163.01(2), Fla. Stat. (1993). See, s. 163.01(7)(a), Fla. Stat. (1993) (interlocal agreement may provide for a separate legal or administrative entity to administer or execute the agreement, which may be a commission, board, or council constituted pursuant to the agreement).
[11] Section 163.01(5)(o), Fla. Stat. (1993).
[12] While s. 163.01(9)(c), Fla. Stat. (1993), provides that the limitations of liability applicable to the individual governmental members of the interlocal agreement also apply to a separate legal entity created pursuant to the agreement if the legal entity is wholly owned by the counties and municipalities and its membership consists only of the cities and counties, this office has stated that the participation of a private organization in a cooperative created by an interlocal agreement among several municipalities and a county removed the cooperative from the protections afforded by s. 163.01(9)(c). See, Op. Att'y Gen. Fla. 93-24 (1993).
[13] Section 768.28(5), Fla. Stat. (1993).
[14] Id.
[15] Section 768.28(2), Fla. Stat. (1993).
[16] See, Op. Att'y Gen. Fla. 89-22 (1989) (county research and development authority); and see, Op. Att'y Gen. Fla. 87-53 (1987) (county land authority).
[17] Compare, Op. Att'y Gen. Fla. 82-37 (1982) (employment and training consortium created by interlocal agreement which was not a corporate body did not fall within the definition of state agency or subdivision for purposes of s. 768.28 as including a corporation primarily acting as an instrumentality or agency of the state, counties, or municipalities); and Op. Att'y Gen. Fla. 93-24 (1994) (even though water supply cooperative created by interlocal agreement constituted a corporate entity, it was not covered by s. 768.28 as it did not operate primarily as an instrumentality or agency of the county or municipalities since under agreement members could continue to operate their own water supply system).
[18] See, 1994 Official List of Special Districts, Department of Community Affairs, October 3, 1994, p. 125. And see, s. 189.4035, Fla. Stat. (1993), requiring the Department of Community Affairs to compile a list of special districts for purposes of Chapter 189, Florida Statutes, the Uniform Special District Accountability Act of 1989. See also, s. 189.403(1), Fla. Stat. (1993), defining "Special district" for purposes of the accountability act to mean a local unit of special-purpose, as opposed to general-purpose, government within a limited boundary, created by general law, special act, local ordinance, or rule of the Governor and Cabinet.